# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 8:17-cv-01427-GJS

BARBARA BOSCIA,

    Plaintiff

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

## I. PROCEDURAL HISTORY

Plaintiff Barbara Boscia ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkt. 25 ("Pl. Br."), Dkt. 28 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons discussed below, the Court finds that this matter should be remanded.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB in February 2014, alleging disability

beginning on April 13, 2013. [Dkt. 15, Administrative Record ("AR") 30, 222-23.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 30, 126-30, 134-38.] A hearing was held before Administrative Law Judge Sharilyn Hopson ("the ALJ") on January 27, 2016. [AR 49-82.]

On March 3, 2016, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability [AR 12-19]. 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [AR 32.] At step two, the ALJ determined that Plaintiff suffered from the severe impairments of ulcerative colitis, drug induced pneumonitis, asthmatic bronchitis, rheumatoid arthritis, avascular necrosis of femoral head (left hip), anxiety, and depression. [AR 32.] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations ("the Listings") [AR 33]. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work (20 C.F.R. § 404.1567(b)), including the ability to lift and/or carry up to 10 pounds frequently and 20 pounds occasionally, stand, walk, or sit 6 hours in an 8-hour workday, and occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but Plaintiff could not climb ladders, ropes or scaffolds, must avoid concentrated exposure to extreme cold, extreme heat, and pulmonary irritants such as dust and fumes, and is limited to simple tasks with a reasoning level of three or less, with no direct public contact. [AR 35.] In addition, the ALJ found that Plaintiff's worksite must be within a 100 yards of a bathroom and Plaintiff must be able to take a 1 to 3 minute break every hour. [*Id*.] At step four, the ALJ determined that Plaintiff is not able to perform any past relevant work. [AR 40-41.] At step five, the ALJ concluded that Plaintiff is able to perform the requirements of representative occupations, such as general

office machine operator and information clerk. [AR 41-42.]

The Appeals Council denied review of the ALJ's decision on June 20, 2017. [AR 2-5.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability: (1) the ALJ failed to properly consider relevant medical evidence in the assessment of her RFC; and (2) the ALJ erred by rejecting Plaintiff's subjective symptom testimony. [Pl. Br. at 12-22.] Plaintiff requests reversal and remand for payment of benefits. [Pl. Br. at 23.] The Commissioner requests that the ALJ's decision be affirmed, or in the alternative, remanded for further development of the record if the Court finds error in the ALJ's consideration of the record. [Def. Br. at 9-11.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if

3

the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. Plaintiff's RFC

Plaintiff contends that the ALJ erred in assessing her RFC by failing to properly consider the opinion of her treating rheumatologist, Dr. Gerald Ho. [Pl.'s Br. at 12-18.]

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1527. In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).[1]

---

[1] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over non-treating physicians. *See* 20 C.F.R. § 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Plaintiff's claim was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. § 404.1527; [Def. Br. at 5 n.5 (citing Social Security Ruling ("SSR") 96-2p).]

4

An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31). Where such an opinion is contradicted, however, an ALJ may reject it only by stating specific and legitimate reasons supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; *Trevizo*, 871 F.3d at 675. The ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (when a treating physician's opinion is not given controlling weight, factors such as the nature, extent, and length of the treatment relationship, the frequency of examinations, the specialization of the physician, and whether the physician's opinion is supported by and consistent with the record should be considered in determining the weight to give the opinion).

Dr. Ho, who treated Plaintiff between June 2015 and January 2016, completed an Attending Physician's Statement (For Continuing Disability) in December 2015. [AR 1956-58, 1962, 2004.] He diagnosed Plaintiff with ulcerative colitis, rheumatoid arthritis, and fibromyalgia and assessed Plaintiff with significant work-related limitations. [AR 1956.] Dr. Ho found that Plaintiff could not lift more than 10 pounds, stand more than 25 minutes, use her hands for work, weight-bear, climb, crawl, operate machinery, or be exposed to heights. [AR 1956-57.] Dr. Ho cited Plaintiff's pain, swelling, and stiffness in multiple joints in support of his opinion. [AR 1957.] He also noted that Plaintiff's medications caused altered alertness, dizziness, sleepiness, and unsafe performance. [AR 1957.] He opined that Plaintiff was unable to work due to her work restrictions. [AR 1957.]

The ALJ gave "little weight" to the work restrictions assessed by Dr. Ho, finding that they were "unsupported by the objective evidence," "inconsistent with

the substantial medical evidence," and "internally inconsistent and contradictory to the information he reported." [AR 37.]

In assessing Plaintiff's work limitations, the ALJ gave "great weight" to the opinion of Dr. Arnold Ostrow, the non-examining medical expert who testified at the hearing that Plaintiff was capable of performing a range of light work, consistent with the ALJ's RFC assessment. [AR 35, 37, 58.]

Plaintiff contends the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Ho's opinion and erred by relying on Dr. Ostrow's assessment. [Pl. Br. at 15, 18.] Defendant responds that the ALJ properly accorded less weight to Dr. Ho's opinion, as his records do not provide adequate support for the substantial limitations he assessed. [Def. Br. at 7.] Defendant further argues that Dr. Ostrow's opinion deserved more weight as it was "well reasoned and generally consistent with the record as a whole." [Def. Br. at 5 (citing AR 38).]

The ALJ's broad and conclusory statements describing Dr. Ho's opinion as "unsupported by the objective evidence" and "inconsistent with the substantial medical evidence" were not specific and legitimate reasons for discounting Dr. Ho's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (same). While the ALJ summarized Dr. Ho's assessment of Plaintiff's functional limitations, the ALJ failed to specifically explain how such findings conflicted with the medical evidence of record. [AR 37.] Moreover, the record contained medical evidence supporting Dr. Ho's opinion. [Pl. Br. at 17.] A November 2014 MRI of Plaintiff's left hip confirmed Dr. Ho's assessment that Plaintiff suffers from avascular necrosis. [AR 1977, 2002, 2006, 2011, 2020, 2025,

2030, 2035, 2042.] Dr. Ho's treatment records documented Plaintiff's neck and back pain, tenderness and swelling in multiple joints, and 14 of 18 positive trigger points. [AR 2000, 2005-06, 2009-11, 2013-15, 2018-20, 2023-25, 2028-30, 2033-35, 2042-42.] Although Defendant now criticizes Dr. Ho's finding that Plaintiff could not use her hands for failing to "provide any discussion about how, if at all, [Plaintiff's] gripping or manipulation abilities were limited," the ALJ's decision cannot be affirmed based on Defendant's post hoc rationalizations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina*, 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency").

The ALJ asserted that Dr. Ho's opinion was "internally inconsistent and contradictory to the information he reported," because he listed fibromyalgia as one of Plaintiff's diagnoses in the Attending Physician's Statement, but "none of his treatment notes documents a fibromyalgia diagnosis" and "no other treating physician diagnosed fibromyalgia." [AR 37.] An ALJ may reject a physician's opinion that conflicts with the physician's treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as claimant's assessed limitations were not supported by physician's own treatment notes); *Gabor v. Barnhart*, 221 Fed. App'x 548, 550 (9th Cir. 2007) ("internal inconsistencies" in physician's own report provided a proper basis for excluding that medical opinion). Here, however, the record supports a diagnosis of fibromyalgia. Dr. Ho's treatment records document 14 of 18 positive trigger points and evidence of widespread pain and other disorders not accounting for the pain. [AR 2000, 2005-06, 2009-11, 2013-15, 2018-20, 2023-25, 2028-30, 2033-35, 2042-42; Def. Br. at 7 n.8.] *See Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017)

(setting forth criteria for diagnosing fibromyalgia) (citing SSR 12-2p). In addition, the record includes references to Plaintiff's history of fibromyalgia. [AR 2107, 2113, 2136.] Thus, the ALJ erred in concluding that Plaintiff's fibromyalgia diagnosis was not supported by Dr. Ho's treatment records or the medical evidence of record.

Finally, the ALJ gave "great weight" to the opinion of Dr. Ostrow, who found that Plaintiff's functional limitations were significantly less than those found by Dr. Ho. [AR 37-38, 56-64.] However, "[t]he opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831; *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) ("[t]he non-examining physicians' conclusion, with nothing more, does not constitute substantial evidence") (internal quotation marks and citation omitted).

Accordingly, the ALJ erred by rejecting Dr. Ho's opinion regarding Plaintiff's work-related limitations without providing specific and legitimate reasons doing so.

## V. CONCLUSION

The Court has discretion to remand or reverse and award benefits. *See Trevizo*, 871 F.3d at 682. Where no useful purpose would be served by further proceedings and the record has been fully developed, it may be appropriate to exercise this discretion to direct an immediate award of benefits. *See id*. at 682-83. But where there are outstanding issues that must be resolved before a determination of disability can be made or it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Garrison*, 759 F.3d at 1021 (if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings); *Brown-Hunter*, 806 F.3d at 495 ("The

touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

In this case, there are outstanding issues that must be resolved before a final determination can be made. The record raises crucial questions as to how Plaintiff's impairments and limitations affect her RFC, given the ALJ's failure to properly evaluate Dr. Ho's opinion. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("it is up to the ALJ, not the court, to determine how [a claimant's] impairments affect the formulation of [her] RFC"). Because the record is not fully developed and Plaintiff's entitlement to benefits remains unclear, remand for further administrative proceedings would be useful. *See Garrison*, 759 F.3d at 1020. On remand, the ALJ should conduct a review of the entire record in a manner that is consistent with the Court's findings.[2]

**IT IS ORDERED.**

DATED: November 19, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[2] Because this matter is being remanded for further consideration of Dr. Ho's opinion, the Court declines to reach any remaining issues raised by Plaintiff. However, the ALJ should consider Plaintiff's additional contentions of error when evaluating the evidence on remand.

9